O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN MURILLO, an individual; PATRICIA O'BERRY, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO, NATIONAL ASSOCIATION, a business entity; WACHOVIAM ORTGATGE, FSB, a business entity; WORLD SAVINGS BANK, a business entity; GOLDEN WEST SAVINGS ASSOCAITION SERVICE, a business entity; NATIONS TITLE COMPANY OF CALIFORNIA,<br><br>　　　　Defendants.<br>_____ | ) Case No. CV 11-00483 DDP (SSx)<br>)<br>)<br>) **ORDER GRANTING MOTION TO DISMISS**<br>)<br>)<br>)<br>)<br>) [Motion filed on 2/11/11]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Presently before the court is Defendant Wachovia Mortgage ("Wachovia")'s Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). Having considered the submissions of the parties, the court grants the motion and adopts the following order.[1]

---

[1] This court procedurally granted Plaintiff's Application for
(continued...)

**I. Background**

On or about December 18, 2007, Plaintiffs obtained a $975,000 home loan from Defendant. (FAC ¶¶ 18-19, Defendant's Request for Judicial Notice, Exhibit 6). On December 8, 2010, Plaintiffs sent a letter to Defendants rescinding the loan. (FAC ¶ 26). The following day, Plaintiffs filed suit against Defendant in Los Angeles County Superior Court. (Notice of Removal, Dkt. No. 1). Defendants removed to this court and Plaintiffs later amended the complaint, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2600 et seq. Wachovia now moves to dismiss.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine

---

[1](...continued)
Leave to File Late Opposition. (Dkt. No. 24).

2

whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

**III. Discussion**

As an initial matter, Plaintiffs do not object to dismissal of their RESPA claim. (Opposition at 5). Accordingly, that claim is dismissed.[2]

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Accordingly, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). A borrower has two potential remedies for a lender's violation of TILA's disclosure requirements: rescission of the loan, 15 U.S.C. § 1635, and damages, 15 U.S.C. § 1640.

---

[2] Though they do not oppose dismissal of their RESPA claim, Plaintiffs suggest that certain factual allegations of the RESPA claim bear on the TILA claims. (Opp. at 5:6-7). The court is unable to discern how the RESPA allegations are relevant to TILA issues.

3

A. TILA Damages Claim

A TILA "action [for damages] . . . may be brought in any United States district court, or in any other court of competent jurisdiction, <u>within one year</u> from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (emphasis added). The Ninth Circuit has held that the one-year window for filing a TILA damages claim generally "runs from the date of consummation of the transaction." <u>King</u>, 784 F.2d 910, 915 (9th Cir. 1984).

Here, Plaintiffs entered into the loan at issue in 2007. Plaintiffs' complaint was filed in 2010, roughly three years after the execution of the loan. Plaintiffs' TILA damages claims are, therefore, time-barred, and must be dismissed.

B. TILA Rescission Claim

A TILA rescission claim is subject to a three-year limitations period. 15 U.S.C. § 1635(f). However, TILA also provides that "[u]pon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value." 15 U.S.C. § 1635(b). This court has the discretion to "impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations." <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1171-1173 (9th Cir. 2003). "By far, the majority of Courts to address the issue recently have required that borrowers allege an <u>ability</u> to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." <u>Garcia v. Wachovia</u>

<u>Mortg. Corp.</u>, 676 F.Supp.2d 895, 901 (C.D. Cal. 2009) (collecting recent decisions from district courts within the Ninth Circuit). Here, considering the size of the loan at issue, the court concludes that Plaintiffs must allege ability to tender in order to state a claim for TILA rescission.

**IV. Conclusion**

For the reasons stated above, Wachovia's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.


Dated: August 26, 2011

                                        DEAN D. PREGERSON
                                        United States District Judge